WARREN L. SPIELMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spielman v. Commissioner
Docket No. 9934-74.
United States Tax Court
T.C. Memo 1978-154; 1978 Tax Ct. Memo LEXIS 359; 37 T.C.M. (CCH) 685; T.C.M. (RIA) 780154; April 20, 1978, Filed F. Roger Hemker, and Mark R. Gale, for the petitioner. Dale L. Newland, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined that petitioner was liable, as the transferee of the assets of General Development Corporation, Inc., for the unpaid income tax of $73,843.31, plus interest as provided by law, due from the corporation for the taxable year ended April 30, 1967. Due to a concession by petitioner, the only issue remaining for our decision is whether the nonrecognition provisions of section 337[1] are applicable *360 if a destruction of property by fire occurs before a corporation employing the cash receipts and disbursements method of accounting adopts a plan of complete liquidation, but receipt of proceeds in settlement of insurance claims arising from the fire occurs after the plan is adopted. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by this reference. The pertinent facts are summarized below. Warren L. Spielman (petitioner) resided in St. Louis, Missouri, at the time the petition was filed in this case. Petitioner was the sole shareholder of General Development Corporation, Inc. (hereinafter referred to as General Development), a Missouri corporation which used the cash receipts and disbursements method of accounting. General Development was in the business of leasing commercial buildings which it owned. The principal commercial building owned by General Development was located at 2801 Hamilton Avenue, *361 St. Louis, Missouri. On or about November 14, 1966, the Hamilton Avenue building was destroyed by fire. This building was insured by several insurance companies. The fact of liability for payment of the fire damage was never disputed by the insurance companies, but payment of the claim was delayed by a dispute concerning the extent of coverage and the amount of liability. At a special joint meeting of the board of directors and shareholders on January 25, 1967, General Development adopted a plan of voluntary dissolution and liquidation. On February 1 and 2, 1967, after this initial plan was adopted, the insurance companies paid for the fire damage in settlement of the claims. As a consequence of the fire and these payments, General Development realized gain from the destruction of the Hamilton Avenue building. On June 24, 1967, General Development adopted an amended plan of voluntary dissolution and liquidation. Pursuant to this plan all of the corporate assets were distributed to petitioner on November 9, 1967. Petitioner is the sole transferee of the corporate assets within the meaning of section 6901(h) and received these assets subject to deficiencies arising from General *362 Development's Federal income tax liability. Section 337 provides [2] for nonrecognition of gain realized on the sale or exchange of corporate property within the 12 month period after the adoption of a plan of complete liquidation if all of the corporate assets are distributed within that period. At issue here is whether this nonrecognition provision is applicable if property owned by a corporation employing the cash receipts and disbursements is destroyed by fire prior to the adoption of a plan of complete liquidation, but the receipt of the proceeds in settlement of fire insurance claims occurs after the plan is adopted. Respondent contends that the Supreme Court's decision in Central Tablet Manufacturing Co. v. United States,417 U.S. 673 (1974), is controlling here and, consequently, nonrecognition is unavailable to General Development under these circumstances. Petitioner seeks to distinguish Central Tablet on the ground that it dealt with a taxpayer on the accrual method of accounting. Petitioner relies on an earlier opinion by the Eighth Circuit in United States v. Morton,387 F.2d 441 (8th Cir. 1968), for the proposition that nonrecognition *363 is available under the facts of the instant case for a corporation using the cash receipts and disbursements method of accounting. Since an appeal in the instant case would be to the Eighth Circuit, petitioner argues that under the rule of Golsen v. Commissioner,54 T.C. 742 (1970), Morton controls here. [3]
*364 We have carefully read and considered the Central Tablet decision and conclude that in that case the Supreme Court effectively overruled Morton. Petitioner's assertion that Central Tablet is factually distinguishable is without merit. Apart from the distinction in the corporation's method of accounting, the pertinent facts in Central Tablet are indistinguishable from those in petitioner's case or Morton. All three involve a sequence of a fire and disputed insurance claim followed by a plan adoption and then receipt of proceeds in settlement of the fire insurance claim. The Supreme Court concluded that with such an involuntary conversion the sale or exchange occurs at the time of the casualty irrespective of the timing of subsequent settlement or payment of insurance claims. The language of Central Tablet indicates that this result occurs regardless of the taxpayer's method of accounting: Predictably, the taxpayer analogizes the involuntary conversion to a true sale, and it argues that the conversion does not occur until settlement is reached and the insurance obligations are finally determined and paid. This essentially is the reasoning employed *365 in the Morton case. * * *
With a fire loss, the obligation to pay arises upon the fire. Unlike an executory contract to sell, the casualty cannot be rescinded. Details, including even the basic question of liability, may be contested, but the fundamental contractual obligation that precipitates the transformation from tangible property into a chose in action consisting of a claim for insurance proceeds is fixed by the fire. Although the parties remain free to arrive at an acceptable settlement, the obligation itself has come into being, and it is the value of the insured property at that point that governs the claim. In other words, the terms of the obligation cannot be changed unilaterally by the insurer once the fire has occurred. The fact that the ultimate extent of the gain may not be known or final settlement reached until some later time does not prevent the occurrence of a "sale or exchange" even in the context of a normal commercial transaction. See, e.g.,Burnet v. Logan,283 U.S. 404, 51 S.Ct. 550, 75 L.Ed. 1143 (1931). The taxpayer's efforts to draw an analogy to a true sale is therefore of limited utility. See Note, Involuntary *366 Conversions and § 337 of the Internal Revenue Code, 31 Wash. & Lee L.Rev. 417, 427-428 (1974). When the casualty occurs during the 12-month period after the plan of liquidation is adopted, § 337(a)'s applicability follows as a matter of course. The presence of § 337(a) creates an expectation in the liquidating corporation that it will not be taxed on gains from sales or exchanges of corporate assets during the 12-month period. The taxpayer corporation then need not be concerned with the formalities of sale and disposal in order to avoid tax on capital gains. Put another way, once the plan is adopted, corporate property is colored with the reasonable expectation that if it is sold or exchanged within 12 months, any resulting gain will not be taxed to the corporation. It follows that if, after the plan is adopted, property is destroyed by casualty, with consequent replacement by insurance proceeds, § 337(a) treatment is available. The property colored by the expectation has been replaced by insurance proceeds. When, however, the casualty occurs prior to the adoption of the plan and the corporation's commitment to liquidate, none of these considerations *367 attaches. Moreover, there is nothing in the purpose of § 337 which dictates the extension of its benefits to this preplan situation. Before the adoption of the plan the corporation has no expectation of avoiding tax if it disposes of property at a gain. The corporation, of course, is the beneficiary of the insurance, and both at the time the policy is executed and at the time of the fire, the destroyed property is an asset of the corporation. Prior to the adoption of the plan, § 337(a)'s "expectation" simply is not present. For all practical purposes, the disposal of Central Tablet's insured property occurred at the time of its fire. At that time the taxpayer possessed all incidents of ownership. It had evidenced no intention to liquidate. The fire was irremedial. Regardless of the formalities and negotiations that prefaced the actual insurance settlements, the property was parted with at the time of its destruction. * * * [417 U.S. at 683-87 (footnote omitted)] Under the Supreme Court's interpretation that a sale or exchange for the purposes of section 337(a) occurs on the date of the casualty, no importance is ascribed to the date that gain ordinarily is *368 included in income under the taxpayer's method of accounting. As the dissenting opinion in Central Tablet noted, under normal accrual accounting principles the gain or loss from a fire would not be recognized until the fact of insurer liability was established and the amount of the liability could be determined with reasonable accuracy; "whatever the date on which the income accrued to the corporation, it would not be the date of the fire * * *" 417 U.S. at 694-96 (White, J., dissenting).Notwithstanding this fact, the majority concluded that for purposes of section 337(a) the sale or exchange occurred on the date of the fire. Furthermore, the language of the opinion mandates this result regardless of the taxpayer's method of accounting. We think Central Tablet overruled Morton and controls the instant case. For purposes of section 337(a) the sale or exchange of General Development's Hamilton Avenue building occurred on the date of the fire. Since the fire occurred prior on the adoption of the complete plan of liquidation, we hold that the norecognition provisions of section 337(a) do not apply to the gain realized by General Development as a result of *369 the fire. Decision will be entered for the respondent. Footnotes
1. Unless specified otherwise, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.↩
2. SEC. 337. GAIN OR LOSS ON SALES OR EXCHANGES IN CONNECTION WITH CERTAIN LIQUIDATIONS. (a) GENERAL RULE.--If-- (1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and (2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period. ↩
3. As an alternative or equitable make-weight argument, petitioner suggests that, if we decide that Central Tablet overruled Morton, then Central Tablet should be given prospective application only. Petitioner contends that, since Morton was a unanimous decision of the Eighth Circuit, he and his corporation had every right to rely on Morton in adopting the plan of liquidation and distributing the corporate assets. Whatever equitable appeal this argument may otherwise have had is lost when it is realized that Morton was decided January 3, 1968, nearly a year after the original plan of liquidation was adopted and nearly two months after the corporate assets were distributed. Under these circumstances, since Central Tablet was not specifically limited to prospective application, we conclude that it is appropriate to give the interpretation of section 337 in Central Tablet retroactive effect. Consequently, the sole issue for our decision is whether Central Tablet overruled Morton↩.